UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEONG-SUK NO,

                              Plaintiff,

            -against-                                   19-CV-11284 (CM)

BANK OF AMERICA,                                        ORDER TO AMEND

                              Defendant.

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, invokes the Court's diversity of citizenship jurisdiction and

asserts that Defendant violated his rights. By order dated March 6, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action against Bank of America. He checks the box indicating that he brings this action under the Court's diversity of citizenship jurisdiction. Plaintiff asserts that he is a citizen of the Republic of Korea, and writes, "applying for dual citizenship of both RoK & USA." (ECF No. 2, at 2.) He provides a New York, New York address for himself. In the section of the form to indicate the citizenship of Defendant, Plaintiff alleges that Bank of America is both incorporated and has its principal place of business in the "USA." (*Id.*) Plaintiff does not provide an address for Defendant.

The complaint is not a model of clarity. Plaintiff alleges the following as the facts of his case, verbatim:

– Failure to return Financial Services, including personal checks, Bank Statements, replacement of stolen credit card by ATM of Bank of America, etc.

– Breach of Contract

– Negligence

– Forced to apply for the credit card of Bank of America

– Private Data (Personal Data) protection

– Refused to fix false data on my bank file even after reporting ID Theft & Data Breach & Stolen Incidents & Etc, by several times, officers

– Etc

– More details will be added with my lawyers.

(*Id*. at 5.) Plaintiff seeks various relief, including an investigation, restitution, compensation, and personal data protection.

## DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Plaintiff invokes the Court's diversity jurisdiction, but he fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under § 1332, a plaintiff must allege (1) that he and the defendant are citizens of different states, and (2) that the claim is in excess of the sum or value of $75,000.00. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

    1.     Diversity of citizenship

For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

Under § 1332(a), when foreign citizens are parties, diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state." A lawful permanent resident alien is considered a citizen of the American state where he or she is domiciled, and diversity is lacking when an American citizen and a lawful permanent resident alien are domiciled in the same state. 28 U.S.C. § 1332(a).

A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). "[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Here, Plaintiff fails to allege sufficient facts to establish his own citizenship and that of Defendant. Plaintiff states that he is a citizen of the Republic of Korea and asserts that he is seeking dual citizenship of Korea and the United States. But he provides no further information about his American citizenship status, including whether he is a lawful permanent resident. He also does not identify his domicile.

Plaintiff also indicates that Defendant is both incorporated and has its principal place of business in the United States. Because Plaintiff does not identify the specific states where Defendant is incorporated and has its principal place of business, he fails to provide Defendant's citizenship for purposes of diversity jurisdiction.

2.    Amount in controversy

In addition to establishing diversity of citizenship, a plaintiff invoking the Court's diversity jurisdiction must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000.00, but only if there is "a legal certainty from the complaint that [the] plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Here, Plaintiff fails to allege that he is seeking damages in excess of $75,000.00, and the allegations in the complaint are insufficient to suggest that his claim meets the amount-in-controversy requirement for diversity jurisdiction.

## B.     Plaintiff's Claims

As well as failing to establish diversity jurisdiction, Plaintiff's complaint also fails to satisfy federal pleading rules. He does not provide a short and plain statement showing that he is entitled to relief as required by Rule 8. Plaintiff essentially asserts that Defendant unlawfully harmed him, but he fails to include any background information about how the alleged harm occurred. In order to state a claim for relief, a complaint must contain enough background facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's complaint contains no facts about what occurred or how Defendant allegedly violated his rights.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123‑24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to assert facts suggesting viable claims and that the Court has diversity jurisdiction over this action, the Court grants him leave to replead.

Should Plaintiff choose to submit an amended complaint, he must indicate whether he is a lawful permanent resident of the United States and, if so, the state in which he is domiciled. *See* 28 U.S.C. § 1332(a). He must also allege the state or states where Defendant is incorporated and has its principal place of business. The Court reminds Plaintiff that if he is a legal permanent

6

resident domiciled in the State of New York and Defendant is either incorporated or has its principal place of business in the State of New York, diversity of citizenship will not exist. Plaintiff must also allege any facts suggesting that he is legally entitled to money amounting to $75,000.00 or more, to meet the statutory jurisdictional amount.

Plaintiff must further detail his claims to state a claim for relief. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**OTHER MATTERS**

**A.     Motions and other Filings**

Since filing this complaint, Plaintiff has submitted over a dozen documents to the Court.
Plaintiff labels many of his submissions as "affidavits" or "evidence," and virtually all of them
are illegible. (*See, e.g.*, ECF Nos. 5, 7-13, 15-23.) The Court denies Plaintiff's requests in these
documents and directs him to include all allegations he would like the Court to consider and the
relief he seeks in his amended complaint.

**B.     Litigation History**

After Plaintiff repeatedly filed cases that were dismissed as frivolous and for failure to
state a claim, on February 10, 2020, the Court directed him to show cause why he should not be
barred from filing any further actions in this Court IFP without first obtaining permission from
the Court to file his complaint. *See No v. Republic of Korea*, ECF 1:20-CV-0655, 5 (S.D.N.Y.
Feb. 10, 2020) (listing Plaintiff's litigation history). On February 25, 2019, the Court barred
Plaintiff from filing future civil actions IFP without first obtaining the Court's permission. *See*
ECF 1:20-CV-0655, 8. Plaintiff filed this action before the Court directed him to show cause why
he should not be barred.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on
the docket. Plaintiff is granted leave to file an amended complaint that complies with the
standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se
Intake Unit within sixty days of the date of this order, caption the document as an "Amended
Complaint," and label the document with docket number 19-CV-11284 (CM). An Amended
Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to
comply within the time allowed, and he cannot show good cause to excuse such failure, the

Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 23, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial      Last Name

_____

Street Address

_____

County, City                      State             Zip Code

_____

Telephone Number                Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

                First Name                    Last Name

_____

                Current Job Title (or other identifying information)

_____

                Current Work Address (or other address where defendant may be served)

_____

                County, City                    State              Zip Code

Defendant 2: _____

                First Name                    Last Name

_____

                Current Job Title (or other identifying information)

_____

                Current Work Address (or other address where defendant may be served)

_____

                County, City                    State              Zip Code

Defendant 3: _____

                First Name                    Last Name

_____

                Current Job Title (or other identifying information)

_____

                Current Work Address (or other address where defendant may be served)

_____

                County, City                    State              Zip Code

Defendant 4: _____

　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____

　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____

　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____

　　　　　　　County, City　　　　　　　　State　　　　　Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.